NEW-YORK,
May, 1815.

DANFORTH
v.
SCHOHARIE
TURN. COMP.

</div>

<div align="right">Judgment affirmed.</div>

—————⊶❋⊷—————

## DANFORTH *against* THE PRESIDENT, DIRECTORS AND COMPANY OF THE SCHOHARIE AND DUANESBURGH TURNPIKE ROAD.

THIS was an action of *assumpsit.* The declaration contained three counts :

In the first count the plantiff stated that the defendants, of the first part, and the plaintiff of the other part, on the 26th of *May,* 1810, entered into articles of agreement, under the seal of the said corporation, and under the hand and seal of the said plaintiff; and then proceeded to set forth the said articles of agreement; whereby the plaintiff covenanted, on or before the 1st of *October,* 1811, to make a turnpike road, for a certain distance, supposed to be eight and a half miles; or should it exceed, or fall short of that distance, the pay was to be in proportion ; that is, at the rate of six thousand dollars for every eight and a half miles, five miles of which road were to be completed on or before the 1st of *November,* then next ; and it was further covenanted, that the plantiff should so far complete the remainder of the road from the termination of the said five miles, that it should be passable for sleighs, wagons &c. by the 1st *December* then next ; in consideration whereof, the defendant covenanted to pay the plaintiff the sum of six thousand dollars, in the following manner :— Three thousand dollars on or before the 1st of *November* then next, to be paid as the work goes on ; five thousand dollars before the 1st *July,* 1811, and one thousand dollars in the stock of the said company, when the whole route should be completed. It was then stated, that afterwards, on the 5th of *October,* 1812, the defendant covenanted with the plaintiff, that if he would execute

<div align="right">

*Where there is a covenant to pay money, and part has been paid, as sumpsit will lie on the implied promise to pay the balance.*

*Assumpsit will lie against a corporation on an implied promise.*

</div>

and deliver to them a bond, in the sum of six hundred dollars conditioned to put the road, mentioned in the above agreement, in such repair as the law directs, at any time after the 1st of *April*, and before the 1st of *August* then next, that they, the defendants, would pay him the sum, or sums, of money mentioned in the above articles of agreement. The plaintiff then averred, that on the 7th of *October*, in the year aforesaid, he did deliver the defendants such a bond, and that there then was, and still is, due to him, the sum of four thousand dollars, on the said agreement ; and that the defendants did not, at the day and year last aforesaid, pay him the said sum of money ; and being so liable, the said defendants, afterwards, to wit, on the said 7th day of *October*, undertook, and faithfully promised the said plaintiff, to pay him the said last-mentioned sum of money, when thereto requested.

In the second count, the plaintiff, after setting forth the articles of agreement, averred that he proceeded to make the road at the time required by the said articles, and that the defendants did not purchase the land and ground mentioned therein, in such time that he could complete the road by the time he had covenanted ; and therefore, afterwards, on the 5th of *October*, 1812, the defendants covenanted, that if he would execute and deliver to them a bond, &c. ; as in the first count.

The third count was a general *indebitatus assumpsit* for work and labour.

To this declaration there was a general demurrer and joinder.

*M'Gowen*, in support of the demurrer. A corporation aggregate cannot be charged on any contract, unless under their corporate seal.* If this action is founded on the first agreement stated in the declaration, which is averred to have been under seal, then it should have been covenant, not *assumpsit*. *Assumpsit* never lies against a corporation, except in cases especially provided in the act or charter of incorporation. An agreement by a corporation, not under seal, will not be enforced in equity.† A corporation may do an act of record, and are estopped to say that it is not their deed,‡ but it can do no act *in pais*, unless under their corporate seal.

*S. Foot*, contra. The position of *Blackstone*, and which is laid down in *Bac. Ab.* where the same authority is cited, is not supported by the cases. Whatever may have been the rule

* 2 *Bac. Ab
Corp.* (E. 3.) 13.
6 *Viner Ab.*
317. 1 *Bl.
Comm.* 475.

† 16. *Wms.*
655.
‡ 1 *Salk.* 192.

NEW-YORK,
May, 1815.

DANFORTH
v.
SCHOHARIE
TURN. COMP.

anciently, on this subject, it has been relaxed in modern times. In the case of *Maxwell* v. *Dulwich College,* decided 14th *July,* 1783,* it is said, that an agreement of a major part of a corporation, entered in their books, though not under their corporate seal, will be decreed in equity. In the case of the *Attorney General* v. *Davy,†* decided in 1741, Lord *Hardwicke* says, it is not necessary that every corporate act should be under the seal of the corporation, as to choose a chaplain, or to present to a living.‡ It has been admitted, that a corporation may appoint a servant or bailiff, without deed.§

*Kyd,* in his treatise on the law of corporations, though he lays down the general rule, that a corporation aggregate cannot dispose of their real estate, or appoint a person to do an act in which their real property is concerned, yet they may do other acts to bind them, without seal. A seal is only evidence of *assent* to an act, and that assent is as well shown by a *resolution* or entry made in the minutes of the corporation.

*Chitty¶* says, *assumpsit* does not lie against a corporation, which cannot contract by *parol,* unless in the case of contracts sanctioned by statute; and he cites 6 *Vin. Ab.* 317. *pl.* 49. and 5 *East's Rep.* 239.; but *Viner* only says *case* will not lie on an express promise. The case in *East* was of a promise relative to the tolls of the corporation. In the case of the *King* v. *the Bank of England*‖ it was held that a special *action in the case* will lie against a corporation, to compel a transfer of stock. It is true that in *Breckbill* v. *Turnpike Company,*** in the supreme court of *Pennsylvania,* it was decided, that *indebitatus assumpsit* would not lie against a corporation on an *implied* promise. In the case of the *M. Ins. Co. of Alex.* v. *Young,*†† the point was argued, and the authorities cited, in the supreme court of the U. S. but no decision was made on the question. In *Gray* v. *The Portland Bank,*‡‡ it was held, that a special action on the case lies against an incorporated bank, for refusing to permit an original stockholder to subscribe and hold the new stock created by the corporation. In *Stafford* v. *the Corporation* of *Albany,*§§ this court held that *assumpsit* would lie against a corporation, on the implied promise to pay the amount of damages assessed by a jury, for the land of the plaintiff taken by the corporation.

That there was a covenant in this case, can be no objection,

* 1 *Fonbl. Equ.* 296. *note.*
† 2 *Atk.* 212.

‡ *Attorney General* v. *Scott,* 1 *Vesey,* 413.
§ 1 *Salk.* 192.
3 *Lev.* 107 6
*Vin. Ab.* 268.
287. 288. 3 *P. Wms.* 419.

¶ *Chitty Pl.* 98.

‖ *Doug.* 524. 526.

** 3 *Dallas* 496.

†† 1 *Cranch.* 332.

‡‡ 3 *Mass. Rep.* 364.

§§ 6 *Johns. Rep.* 1. S. C. 7 *Johns. Rep.* 541.

NEW-YORK,
May, 1815.

DANFORTH
v.
SCHOHARIE
TURN. COMP.
* 2 East, 483.
Moravia v.
Levy. ib. note.
† Bank of Co-
lumbia v. Pat-
terson. (See E-
vening Ga-
zette, Boston
March 18,
1815.)

to the action of *assumpsit*, to pay the balance due on the agree-ment.*

It has been decided in the supreme court of the U. S. that *assumpsit* will lie against a corporation, on an implied promise, or a promise not under seal.†

THOMPSON, Ch. J., delivered the opinion of the court. This case comes before the court on a general demurrer to the declaration. The action is *assumpsit*, and the two first counts in the declaration set forth articles of agreement entered into between the parties, under seal, relative to the making of a road. All necessary averments of performance, on the part of the plaintiff, and breaches on the part of the defendants, are duly made, and set forth, and a balance of 4000 dollars, is alleged to be due the plaintiff; and thereupon a special promise is alleged, on the part of the defendants, to pay such balance. The third count is for work, labour, and services, &c. ; and alleges a promise to pay, &c.

No objection was made, on the argument, to the form of the action, or that it should have been *covenant*, founded upon the articles entered into between the parties. The action is founded upon the promise to pay the balance, and the covenant is only set out as inducement. (2 *Term. Rep.* 483, *note.*) The objection taken to the declaration goes on the broad ground, that an action of *assumpsit* will not lie against a corporation; for they cannot make a valid and binding contract, except under their corporate seal. The proposition, in this latitude, is certainly not tenable. Although it may be laid down by elementary writers, as a general rule, that corporations can do no act without a seal, and such would seem to be the doctrine of some old adjudged cases; yet the law of the present day seems to be otherwise well settled. Corporations, in many cases, have been considered bound by their acts and agreements, not under seal. In *Rex* v. *Bigg*, (3 *Peer. Wms.* 419.) it was held that a corporation might, without seal, duly authorize an agent to sign notes. And in *Rex* v. *The Bank of England*, (*Doug.* 424.) the court refused to grant a *mandamus* to the bank, to transfer stock, because there was a remedy by an action on the case, if they refuse, and a special action of *assumpsit* was afterwards

NEW-YORK,
May, 1815.

DANFORTH
v.
SCHOHARIE
TURNPIKE
COMPANY.

·brought against the bank. The principle of this case has been recognised in this court.(a)

An attempt has, in some cases, been made, to distinguish between express and implied promises, as to the liability of a corporation. (3 *Mas. Rep.* 364. 3 *Dal.* 496.) But in a late case of the *Bank of Columbia* v. *Paterson's administrators,*(b) decided in the Supreme Court of the *United States,* all such distinctions are disregarded, and the court seem to go the full length, of giving the same remedies, against bodies corporate, in matters of contracts, as against individuals. The old cases are there reviewed, showing that the law has been progressively altering, with respect to the validity of acts done by corporations, not under their seal. The court observe, upon the *English* authorities referred to, that as soon as it was settled, that a regular appointed agent of a corporation, could contract, in its name, without a seal, it was impossible to maintain any longer, that a corporation was not liable upon promises ; otherwise, there would be no remedy against the corporation ; and the court concluded, by saying, that it is a sound rule of law, that whenever a corporation is acting within the scope of the legitimate purposes of the corporation, all parol contracts made by its authorized agent, are express promises of the corporation, and all duties imposed upon them by law, and all benefits conferred, at their request, raise implied promises, for the enforcement of which, an action will lie. It is unnecessary, upon the present demurrer, to go the full length of this case, or to decide any thing more than that a corporation may make a valid contract, not under its seal. Whether the promise in this case was made by the board of directors, and entered upon their minutes, or by a committee, or other agent duly authorized for that purpose, or in any other manner that would be binding, are questions which must arise and be determined upon the proof offered at the trial, and cannot properly come under consideration upon the present demurrer. We are accordingly of opinion, that the plaintiff is entitled to judgment.

<div align="center">Judgment for the plaintiff.(c)</div>

(a) See *Shipley and others* v. *Mechanics' Bank,* (10 *Johns. Rep.* 484.)

(b) This case was cited and read to the court, from a *Gazette,* dated *March* 18, 1815.

(c) In *Hayden* v. *The Middlesex Turnpike,* (10 *Tyng's Mass. Rep.* 397.) the Supreme Court of *Massachusetts,* decided that *assumpsit* would lie against a corporation, where there is an express stipulation by an agent of the corporation, or a duty arising from some act or request of such agent, within their authority,