CHILDS, Plaintiff in Error, *vs.* THE BANK OF THE STATE OF MISSOURI, Defendant in Error.

1. Neither an action for malicious prosecution, for slander, nor for false imprisonment, can be maintained against a corporation.
2. Although, under the new code, a plaintiff may unite in his petition as many causes of action as he may have, yet each cause must be distinctly and separately stated.

*Error to St. Louis Court of Common Pleas.*

Childs brought an action under the new code, alleging that the defendant had falsely accused, and caused him to be accused of embezzlement, and upon this charge had unjustly and maliciously, and without probable cause, caused him to be arrested and imprisoned; that under color of a search warrant, the defendant had obtained possession of certain valuable papers and evidences of debt belonging to the plaintiff; that the defendant had caused the dwelling house of plaintiff to be beset by armed men by day and by night, thus restraining the plaintiff and his family of their liberty, and interrupting their intercourse with their friends; and that the defendant had falsely and maliciously caused the plaintiff to be indicted and prosecuted; for all which grievances, the plaintiff claimed damages to the amount of fifty thousand dollars.

A demurrer to this petition was sustained, and the cause is brought to this court by writ of error.

*Edward Bates,* for plaintiff in error. The bank, as a corporation, was legally capable of doing all the wrongs charged in the petition; but if capable of doing any one of them, it was erroneous to sustain the demurrer. Our statute law puts corporations and private persons on the same footing. R. C. 1845, ch. 101, §10. Our statute of set-off is not restrained to natural persons. *City of St. Louis* v. *Rogers,* 7 Mo. R. 19. The federal courts consider corporations as the mere aggregate of the individual members, and take or refuse jurisdiction accordingly. *Hope Insurance Co.* v. *Boardman,* 5 Cranch, 57. *Bank* v. *Deveaux,* ib. 61. *Bank U. S.* v. *Planters' Bank,* 9 Wheat. 904. *Kirkpatrick* v. *While,* 4 Wash. C. C. R. 595. A money corporation may commit a trespass, and it is sufficient to charge the corporation as a trespasser, that its president ordered the sheriff to execute a writ. *Ford* v. *Perpetual Insurance Co.,* 11 Mo. Rep. 295. In the nature of things, corporations are as capable of doing wrongful acts, as private persons are, and justice requires that they should be

held responsible for them in the same way ; and this is the set-
tled doctrine of the common law. *Yarborough* v. *Bank of
England*, 16 East, 6. *Parsons* v. *Loyd*, 3 Wilson's Rep.
*Goodloe* v. *Cincinnati*, 4 Ohio, 513. 4 S. & R. 6. An-
gell & Ames on Corporations, (3 ed.) 385, §7, and espe-
cially p. 391.

*Miron Leslie,* for defendant in error. It is physicially and
legally impossible that a corporation, as such, can maliciously
prosecute, or wilfully slander any one. Kyd on Corporations.
Bacon's Ab. 4 Serg. & R. 6. 16 East, 6. . 20 Maine Rep.

RYLAND, Judge, delivered the opinion of the court.

1. The difficulty under which we have labored in this case,
was to classify the action. It is brought under the new code.
If it were an action of slander, we should at once say that it
could not be maintained. The bank is a corporation—it can-
not utter words—it has no tongue—no hands to commit an
assault and battery with—no mind, heart or soul to be put into
motion by malice ; therefore, if it was an action for an assault
and battery, or for a malicious prosecution, or for slander, we
should at once say, that such could not be maintained. Yet
the doctrine is well settled that corporations are now liable for
torts, in some cases, in the same manner as persons individual-
ly are. The bank of England has been sued in trover and the
action sustained. Many corporations have been sued for the
misfeasance or malfeasance or negligence of their servants or
agents. Yet I have not been able to find where a public or private
corporation was sued, either for slander, malicious prosecution,
false imprisonment or for assault and battery, and the action
held maintainable. In the nature of things, manifest injustice
might follow from allowing such actions. In such corpora-
tions, the majority of the incorporators rule and manage the
affairs, appoint agents, officers and servants, and direct their
conduct.

Suppose the majority of directors of a bank should, by a

vote, order one of its servants to strike a man, or to have a man accused of larceny, and have him arrested and imprisoned; these acts were ordered to be done by a majority, against the votes and wishes of the minority. Now let the corporation be held liable to be sued as such, and the innocent must suffer with the guilty, the non-offending with those directing and ordering the injury. This cannot be. In 20 Maine Rep. 43, *State* v. *Great Works Milling and Manufacturing Co.*, it is said by Chief Justice Weston, "a corporation is created by law for certain beneficial purposes. They can neither commit a crime or misdemeanor by any positive or affirmative act, or incite others to do so as a corporation. It is a doctrine in conformity with the demands of justice and a proper distinction between the innocent and the guilty, that when a crime or misdemeanor is committed under color of corporate authority, the individuals acting in the business and not the corporation should be indicted." In 1 Ohio Rep. 28, *Orr* v. *Bank of United States and others*, one of the questions was, "whether a corporation aggregate is liable to be sued by its corporate name, in an action of trespass for an assault and battery and false imprisonment." In this case, Judge Burnet delivered the opinion of the court. He reviewed the cases from the earliest reporters, Thorp's opinion in 22 Ass. 67, down to 12 Johns. 227; 14 Johns. 118; 7 Mass. 169; 16 East, *Yarborough* v. *Bank of England*; 7 Cranch, 299; and concludes on this point thus : " On the whole, whatever exceptions may exist to the rule, that actions of trespass generally do not lie against corporations, it is evident that the action now under consideration cannot be one of the exceptions, and therefore that it cannot be sustained against the bank."

" An action for an assault and battery committed on a corporation aggregate in their corporate character, would be a novelty in judicial proceedings ; and yet it appears to be as contrary to reason and common sense, that they should be the agents in such a trespass, as it is that they should be the objects of it." Malicious prosecution — false imprisonment — slander,

must all come within the principles of these decisions.  The persons doing the deed are liable individually, not the corporation.   We therefore think in this action, that the court below properly sustained the demurrer.

2.  The new code of practice says the " plaintiff may unite in his petition as many causes of action as he may have." Art. 7, §12.   The petition shall contain " a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."   Art. 6, §1.

In New York, the code says the complaint shall contain " a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition," and the plaintiff can unite several causes of action in the same complaint, when they are of the same nature.   How unite them ?   By mixing them up in one undistinguished and undistinguishable mass ? Clearly not ; reason forbids this.   It needs not the results of centuries of experience to show us how inconvenient this would be.   See 6 Howard's Practice Rep. 298.

In New York, where they have greatly improved the code since it was first adopted, they require each distinct cause of action to be set down with precision and particularity ; and if the plaintiff fails to make the proper statements, they will be stricken out as redundant.   He is not permitted to throw the burden of analyzing his complaint, and of separating the causes of action, on the court ; nor is the defendant required to do this at his peril.   See the case above cited.

Now under our statute, where the plaintiff is permitted to put in his petition as many causes of action as he may have, no matter what may be their nature or origin, there is still greater necessity for him to mark each cause distinctly ; separate each cause from its neighbor with proper marks and with proper distinctness, or " the person of common understanding" may not be able to know what is intended ; indeed the most

acute professional mind may be at a loss to know what is intended.

These observations are necessary in order to make plaintiffs more particular and more careful. We have already decided, that multifariousness and duplicity are defects under our law yet; we have not said that they can be reached by a demurrer, nor will we; but then there is a remedy for such defects.

In this case, we cannot say the action is brought to recover a sum of money; nor can we call it an action for malicious prosecution, nor false imprisonment. It is one *sui generis.* It was among the first brought under our new code, and it is not to be wondered at, for really our oldest and best lawyers find themselves hesitating—pausing to know what to do.

Upon the whole of the matter set forth in the petition, it is to be seen, that if such things did take place as therein charged against the bank, its servants or agents or officers may be responsible to the persons injured, and against such the law affords a remedy.

The judgment below should, then, be affirmed, and such being the opinion of Judge Scott, (Judge Gamble not sitting in this cause,) it is affirmed accordingly.