## The State of Missouri, Respondent, v. Curtis Field, Appellant.

1. *Brokers — License — Savings banks, officers of — Indictment.* — Savings banks incorporated under chapter 68, Gen. Stat. 1865, p. 365, §§ 1–4, are liable to be taxed on their capital and property, but are not required to take out license as brokers under the statute on that subject. (Wagn. Stat. 247.) The provisions of the statutes concerning money brokers and exchange dealers, apply only to moral agents who are capable of taking oaths and suffering the penalties inflicted for perjury. And an individual who engages in broking, not on his own account, but solely in his capacity as officer of such corporation, is not subject to indictment for failure to take out a license.

The State of Missouri v. Field.

*Appeal from Johnson Court of Common Pleas.*

*Philips & Vest*, for appellant.

The Knobnoster Savings Bank is not required to pay a broker's license. It is incapable of acting as a moral agent, and cannot be punished as a moral agent. It can do only such acts and perform such duties as aggregate corporations vested with its powers are permitted to do. It has no power or capacity to take an oath, and the Legislature could not invest it with such power. The Legislature cannot invest a dry corporation with the powers and duties of a moral agent. (1 Blackst. Com. 476–7 ; 2 Kent's Com. 279 ; Kyd on Corp. 476.) "A corporation cannot be guilty of a crime." (Ang. & Ames Corp. 5, § 7 ; Childs v. Bank of Missouri, 17 Mo. 313 ; State v. Great Works Milling & Manufacturing Co., 20 Me. 43 ; Orr v. Bank of U. S., 1 Ohio, 28.) The defendant was acting simply in an official capacity, and if the law was violated it was done by the corporation.

*A. J. Baker*, Attorney-General, for respondent.

The object of the license law is to obtain revenue for the government, and no good reason can be assigned for exempting incorporated associations from such tax, nor has the Legislature power to make such exemptions. (Const. Mo., art. XI, § 16.)

ADAMS, Judge, delivered the opinion of the court.

This was an indictment against the defendant under the provisions of chapter 24, p. 247, Wagn. Stat., for dealing in, buying and selling bills of exchange, checks, drafts, bank notes, bonds, and other kinds of writing obligatory, and in procuring the gold and silver of the country to dispose of the same for a premium, without license. In other words, the defendant was indicted for acting as a money broker and exchange dealer without a license.

The defense set up was that the acts he performed were not his own acts as an individual, but the acts of a corporation known as the Knobnoster Savings Bank, which it was agreed had been duly incorporated under the provisions of sections 1, 2, 3 and 4 of chapter 68 of the General Statutes of Missouri, p. 365, and

that the corporation so created was in existence at the time and in full force, and that the defendant was the president of said bank, and the acts he did were done as the president of the bank and for the bank.

The court, on this agreed case, found the defendant guilty and assessed against him a fine of $1,000.

It will be seen, by reference to the several sections of the law under which this corporation was created, that it is a corporation aggregate consisting of not less than five persons, who are created a corporation; and by this law such corporation is permitted to carry on the business of receiving money on deposit, of buying and selling exchange, gold and silver coin, bullion, uncurrent money, bonds of the United States, etc., loaning money on real estate and personal property, etc. Section 2 provides that the capital stock of such association shall not be less than $5,000 nor more than $1,000,000. Section 3 provides that "the officers and business of any such association shall be managed and controlled by a board of directors not less than five nor more than thirteen in number, from whom there shall be designated by themselves a president, a cashier and a secretary, who shall hold their offices for one year and until their successors are duly elected and qualified." Section 4 provides how such association is to be formed into a corporation—which was done in this case. Section 5 provides that every such corporation shall semi-annually, in the months of January and July, publish in one or more newspapers in the county where such corporation shall have its place of business, a statement verified by the oath of its president or secretary, setting forth its actual financial condition and the amount of its property and liabilities, under a penalty of $500 to the State, to be recovered by indictment against the president, cashier, or directors, and shall also deposit a copy of said statement, verified as aforesaid, in the office of the secretary of State.

The main question in this case is whether this corporation was required to take out license under the act concerning "money brokers, exchange dealers, and their licenses." (See Wagn. Stat. 247.) The first section of this act provides that "no person or association of persons, or company of persons, shall carry on the

business of dealing in, or buying or selling, or shaving of any kind of bills of exchange, checks, drafts," etc., "without a license for that purpose continuing in force." Section 2 provides that "before any person or association, or company of persons, shall receive a license to deal as a money broker or exchange dealer, he or they shall deliver to the collector of the proper county a statement in writing, verified by oath or affirmation, showing the amount of business expected to be done and the capital to be employed in his or their business for the six months next ensuing the delivery of such statement." Section 8 provides that "persons violating any of the provisions of this chapter shall be fined not less than $1,000," etc.

It is evident to my mind that it was not contemplated by the Legislature that these savings banks should take out license as brokers, in addition to the charter under which they are empowered to act. It seems to me that the provisions of the statute concerning money brokers and exchange dealers apply only to moral agents who are capable of taking oaths and suffering the penalties inflicted for perjury.

The Knobnoster Savings Bank is a corporation aggregate, incapable of acting as a moral agent, and incapable of taking the oath required of persons, associations and companies before obtaining a license. (See 1 Blackst. Com. 476-7 ; 2 Kent's Com. 279 ; Kyd on Corp. 476 ; Childs v. Bank of Missouri, 17 Mo. 213, and authorities cited.)

Many of the provisions of the money-broker law would be nonsensical as applied to savings banks. They are required to put into the act of incorporation the amount of their capital, and to publish semi-annually a statement of their financial condition, verified by the oath of the president. Now, if the law requires them to take out license, they must also make a statement under oath of the amount of their capital, etc., in addition to that required by their charter. They are liable, no doubt, to be taxed on their capital and property as other persons, but they are not required to take out license as brokers.

The defendant, according to the agreed case, committed no act himself, but the corporation itself was the actor. Can the

18—VOL. XLIX.

defendant be indicted for the acts of the corporation? If the corporation itself was liable we might discuss this question. But under the view I take of this case, the corporation was not liable to an indictment, and the defendant ought not to be liable, as what he did was the act of the corporation and not his own.

Judgment reversed. Judge Bliss concurs. Judge Wagner absent.