# CONSPIRACY—LIBEL AND SLANDER—LIMITATION OF AC-TIONS.

[Erie (6th) Circuit Court, September —, 1907.]

Haynes, Parker and Wildman, JJ.

### ED. H. ZURHORST v. KATHERINE KROLL AND C. P. CALDWELL.

1. DAMAGE IN AN ACTION FOR CONSPIRACY IS GRAVAMEN OF ACTION.

   Damages will not be implied from the mere effort to injure one, under a conspiracy to that end, although such effort may consist of declarations which would raise such implication in a suit for libel and slander. Proof of special damage is required, and the damage, not the conspiracy, is the gravamen of the action.

2. LIMITATION OF ACTION FOR CONSPIRACY DOES NOT APPLY TO ACTION FOR LIBEL AND SLANDER.

   An action for conspiracy and an action for libel and slander are not limited by the same statute of limitation. Where libel and slander is the means adopted to accomplish the purpose of the conspiracy, it is but the mere incident and not the gist of the action, and is therefore not controlled by Gen. Code 11225 (R. S. 4983), limiting the bringing of an action for libel and slander to one year from the utterance or publication of the defamatory words.

ERROR to Erie common pleas court.

**H. C. De Ran,** for plaintiff in error:

Cited and commented upon the following authorities: *Brown v. Mortgage Co.* 97 Tex. 599 [80 S. W. Rep. 985; 67 L. R. A. 195]; *Wildee v. McKee,* 111 Pa. St. 335 [2 Atl. Rep. 108; 56 Am. Rep. 271]; *Doremus v. Hennessy,* 62 Ill. App. 391; *Hood v. Palm,* 8 Pa. St. 237; *Doremus v. Hennessy,* 176 Ill. 608 [52 N. E. Rep. 924; 43 L. R. A. 797; 68 Am. St. Rep. 203]; *Graham v. Railway,* 47 La. Ann. 214 [16 So. Rep. 806; 27 L. R. A. 416; 49 Am. St. Rep. 366]; *Walker v. Cronin,* 107 Mass. 555; *Ertz v. Produce Exchange,* 79 Minn. 140 [81 N. W. Rep. 737; 48 L. R. A. 90; 79 Am. St. Rep. 433]; *Delz v. Winfree,* 80 Tex. 400 [16 S. W. Rep. 111; 26 Am. St. Rep. 755]; *Smith v. Nippert,* 76 Wis. 86 [44 N. W. Rep. 846; 20 Am. St. Rep. 26]; *Van Horn v. Van Horn,* 52 N. J. Law 284 [20 Atl. Rep. 485; 10 L. R. A. 184]; *Jones v. Baker,* 7 Cow. (N. Y.) 445; 8 Cyc. Law & Proc. 615, 647, 650, 661; *McBride v. Gould,* 16 Dec. 241; *United States v. Lancaster,* 44 Fed. Rep. 896 [10 L. R. A. 333]; *McDowell v. Rissell,* 37 Pa. St. 164; *People v. Childs,* 127 Cal. 363 [59 Pac. Rep. 768]; 3 Enc. of Ev. 407, 435; 10 Am. Dig. 1099, 1095; Laning Cyc. Dig. Supp. (1907) col. 103; 2 Laning Cyc. Dig. col. 3342; 6 Am. & Eng. Enc. of Law (2 ed.) 830, 832, 872, 875, 877; 5 Current Law 617.

Zurhorst v. Kroll.

**H. L. Peake,** for defendants in error.

## PER CURIAM.

The action was instituted in the common pleas court by the plaintiff in error against defendants in error, charging them, in much detail, with unlawfully conspiring to injure plaintiff in his reputation and deprive him of the position of United States collector of customs at Sandusky; and averring that in furtherance of said conspiracy they falsely wrote and published a certain libelous affidavit concerning him and spoke in the hearing of divers persons certain slanderous words. It is claimed that the wrongful purpose of the conspirators was accomplished; that by reason of their acts said official position was lost to him, and that he suffered other injuries, in the way of injury to his good name, pain and humiliation, all to his damage in the sum of $10,000.

The action failed below, the court, at the close of the plaintiff's evidence, directing a verdict for defendants, and judgment was given accordingly. To reverse this judgment the proceeding is before us.

The petition does not disclose when the acts of the defendants, in the carrying out of their alleged unlawful purpose, terminated; but the case as developed by the evidence failed to show the writing or speaking of defamatory words within the year prior to the commencement of the suit.

The action of the trial court in directing a verdict for the defendants was invoked by a motion based upon the following grounds: (1) Absence of evidence to sustain the charge of conspiracy; (2) bar of the statute of limitations, and (3) absence of proof of damages resulting from the acts of defendants, either jointly or severally.

No opinion of the trial judge in support of his ruling is furnished us, but we are informed by counsel for plaintiff in error that he based his action on the view that the case was one for slander and libel, and that the action was barred by the statute of limitations of this state, limiting the period for bringing such actions to one year, Gen. Code 11225 (R. S. 4983). Counsel for defendants does not quite concede that this was the sole basis of the decision. But, whatever the views of the trial judge, his decision should not be disturbed if warranted by the character of the action and the evidence.

There was, in our judgment, evidence tending to sustain plaintiff's averment of a combination or conspiracy, and the first ground of the defendants' motion was not well taken. The ruling of the court must be supported, if at all, by one or both of the other grounds.

Cases of this general character are not infrequent in the adjudications of this country and England, and the right of action for conspir-

acy to deprive one of an office or employment or to injure his business not only by defamation of his character, but by other undue or unlawful means, is clearly established. The action will not lie, however, for the conspiracy alone. It must be consummated by some act or acts resulting in injury to the plaintiff. But the courts do not hold that the defamation of character, where that is the means employed to accomplish the wrongful purpose of the conspiracy, is anything more than such means. It is no more the gist of the action than are malicious acts of any kind to effect the unlawful purpose of the conspirators. It is distinguished from a libel or slander suit in that it is unnecessary to plead the words of the verbal or written statements made to the injury of the plaintiff or to allege declarations that would sustain an action for libel or slander. It is further distinguishable in this, that a conspirator may be held liable for either the written or spoken words, or the conduct, of his confederates; but one person, not conspiring with another, cannot be held liable for the libels or slanders or other conduct of such other. As to verbal slander, it has been held that there can be no joinder of defendants, because, to quote one of the pioneer judges of our own Supreme Court, "Verbal slander cannot be jointly committed by two or more." *Orr* v. *Bank,* 1 Ohio 46 [13 Am. Dec. 588].

The action for conspiracy, then, and the action for libel or slander, are not so identical in character as to bring both into one category under the statute of limitations. Gen. Code 11225 (R. S. 4983) limits the bringing of actions for libel or slander to one year from the utterance or publication of the defamatory words; but no section of the statute of limitations so limits the bringing of actions for conspiracy, although the means adopted to accomplish the purpose of the conspiracy be libel or slander. In the one case, the libel or slander is the gist of the action; in the other, it is a mere incident to the accomplishment of the purpose for which the conspiracy was formed.

This distinction is clearly drawn by the supreme court of Texas, in *Brown* v. *Mortgage Co.* 80 S. W. Rep. 985 (Tex.), the case especially relied on by plaintiff in error, and upon the authority of which it is said in the brief of his counsel the petition in this case was drawn. It is recognized with equal clearness and supported by exhaustive reasoning in the able case of *Van Horn* v. *Van Horn,* 56 N. J. Law 318 [28 Atl. Rep. 669].

To the extent that the petition before us involves and charges a libel and slanders, setting out *in haec verba* the alleged defamatory written and oral statements, the statutory limitation as to actions for slander and libel would, doubtless, apply, upon failure to prove the al-

Zurhorst v. Kroll.

leged conspiracy and an effort to base a judgment on the slanders and libel alone. In view of this double aspect of the petition, the statute of limitations was properly invoked, but if the conspiracy and the accomplishment of its wrongful purpose, to the plaintiff's injury, was shown, the one-year limitation was not available to bar the action. It is not contended by defendants in error that sufficient time has passed since the accruing of the right to sue, to effect a bar under any other section of the statute. It is probable that Gen. Code 11224 (R. S. 4982) of the statutes is the one applicable to this class of actions as one for "an injury to the rights of the plaintiff not arising on contract and not hereinafter enumerated."

It is our judgment, however, that the evidence offered to support the claims of the petition does not tend to establish the accomplishment of the purpose of the alleged conspiracy. It tends to show the use of means to reach the desired end, but it utterly fails to show any resulting injury. True, the plaintiff asserts in general words that he lost his office thereby, but this is barely more than an argumentative statement, a claimed conclusion rather than the assertion of a fact, and has no valid force when coupled with his testimony that he filed his resignation with the secretary of the treasury at Washington, asking for its immediate acceptance, and not claiming that he had been requested by any superior to resign. It is said that the term of his appointment had expired, and that he was not reappointed. He was, however, continuing to hold the office and no successor had been appointed. When we add that the record fails to disclose any previous assurance by the appointing power that his tenure would be extended by reappointment, or any expression of loss of confidence in him as an official or otherwise, it becomes manifest that his action, so far as proof of loss of office is concerned, fails. There is no evidence that he was engaged in any other occupation which suffered impairment, or that he received substantial injury in any other respect.

The courts have not held, so far as we are apprised, that damage will be implied from the mere effort to injure one under a conspiracy to that end, although such effort may consist of declarations which would raise such implication in a suit for libel or slander. Proof of special damage seems to be required, and the damage, not the conspiracy, is said to be the gravamen of the action.

We think that the court did not err in instructing the jury to find for the defendants and we find no prejudicial errors, in any other respect.