*Dunn against The Rector, Wardens, and Vestrymen of St. Andrews Church, in Richmond county.*

*Assumpsit* lies
on an implied
promise, against
a corporation.
IN ERROR, to the court of common pleas of the county of *Richmond.*

The plaintiff in error brought an action of *assumpsit* in the court below, against the defendants in error, for *work and labour,* &c. The defendants pleaded the general issue. At the trial, the plaintiff proved, by parol, that he had performed services for the defendants as clerk of the church of the defendants, and in which divine service was performed by the rector; and that the defendants had paid him money on account of such services; but a balance still remained due to him. This evidence being objected to, the records of the corporation were produced, from which it appeared that the defendants had paid the plaintiff money at different times, on account of his services; but no resolution was entered on the minutes or records of the corporation, appointing the plaintiff, particularly, clerk of the church. The defendant's counsel moved for a nonsuit, which was opposed by the plaintiff's counsel, on the ground that the evidence was sufficient to show that the plaintiff had performed services for the defendants, at their request, express or implied: but the court below declared their opinion, that unless the plaintiff could prove, by the records of the corporation, that he had been, by a resolution, duly appointed to perform the services of clerk in that particular church, he could not maintain this action; and he was, accordingly, nonsuited. A bill of exceptions was tendered to the court, by the plaintiff's counsel.

ALBANY,
January 1817.

On the return to the writ of error, the case was submitted to the court, without argument.

BROWN
v.
HOWARD.

*Per Curiam.* The sole question arising upon the bill of exceptions in this case is, whether an action of assumpsit upon an implied promise can be maintained against a corporation. The case of the *Bank of Columbia* v. *Paterson's* administrators, decided in the supreme court of the *United States*,* and which is referred to by this court in *Danforth* v. *The Schoharie Turnpike*, (12 *Johns. Rep.* 231.,) goes the full length of making corporations answerable upon implied promises. It is there laid down, that it is a sound rule of law, that, whenever a corporation is acting within the scope of the legitimate purposes of the corporation, all parol contracts made by its authorized agent are express promises of the corporation, and all duties imposed upon them by law, and all benefits conferred at their request, raise implied promises, for the enforcement of which an action will lie.

* 7 *Cranch's Rep.* 297—307. (*Feb.* 1813.)

The evidence offered in the court below, in support of the action, showed conclusively that the services of the plaintiff were performed at the request of the defendants, and that they have advanced money to him on account of such services. This was amply sufficient to raise an implied promise to pay, and enough to maintain the action, according to the principles sanctioned in the case referred to, and which we are inclined to adopt. The judgment of the court below must, accordingly, be reversed.

Judgment reversed.