## Town of Concord *v.* Concord Bank.

The records of a bank, when produced by the bank, are not the only competent evidence of the appointment and authority of its cashier, and of deposits made therein ; but parol evidence is admissible in proof of those facts.

When money has been paid and received by the cashier of a bank as its agent, for and on account of a third party, it will form no ground of defence to an action in favor of such party against the bank, that after the reception of the money it was misapplied by the cashier.

Town of Concord *v.* Concord Bank.

The written declaration of a party made at another time, respecting a transaction of which he has given evidence, is incompetent to be laid before the jury to impeach his testimony, when its language is such, that although it may strike different minds differently, being capable of more than one construction, nevertheless it is apparent that an inference may fairly be drawn from its phraseology against the probability of its truthfulness.

ASSUMPSIT. The first count was for money had and received, and the second count for money had and received and interest. A specification was filed claiming under said counts the sum of $2000 — money deposited in said bank to pay a note lodged in the bank for collection by said town — signed by Lewis Downing, Theodore French, George Kent, Josiah Rogers, Josiah Rogers, Jr., and John Brown, and payable to the plaintiffs, and interest thereon from the time of the deposit.

The plaintiffs offered Robert Davis to prove, that as one of the committee for the town to take care of its funds, he called at the bank about the 10th of March 1840 for the money, and found William A. Kent in the bank acting as cashier; that George Kent (the cashier) was sick; that he always found said William A. Kent in the bank when he called there, which was several times, while George was sick; and that he asked said William A. for the money, but he wished the witness to suffer it to remain until George could come in and make the entries; and that the money was never paid to the town.

The defendants objected to this evidence to prove that William A. Kent was acting cashier, as that could be proved only by the records of the bank, which the defendants produced. But the court admitted it, with other evidence tending to show that the directors knew he was so acting.

The plaintiffs further offered Theodore French as a witness to prove, that he paid to the cashier of the bank $2000, in February, 1840, to be paid and indorsed on the note aforesaid of the plaintiffs. To the admission of

parol evidence to prove the deposit the defendants objected, contending, that if proved at all, it should be by the books of the bank, which they produced. But the court overruled the objection.

To discredit the testimony of French, the defendants offered a writing, a copy of which may be found in the opinion of the court, signed by said French and others, dated in September 1840, which was objected to as incompetent, and the court sustained the objection.

The evidence tended to show that the signers of the plaintiffs' note aforesaid were partners, under the firm of the "Merrimack Lumbering Co.;" that they had a cash account in the bank; that on looking over their company account it was found that said George Kent and the Rogers were in arrear, and they agreed that said George should raise $2000, and the Rogers should raise $1000, upon their individual accounts, to make them even with the other members; that $2000 of those sums should be applied on the plaintiffs' note, and $1000 on a note due from the same company to the Exeter Bank; and that in pursuance of this agreement, the said Kent furnished a note upon which the said French raised the $2000 before referred to, and paid it into the bank to be paid on the plaintiffs' note. And the defendants offered to prove, that after French paid in the $2000 to the bank, and before the plaintiffs had been notified of that fact, said George Kent applied it to other purposes. To which evidence the plaintiffs objected, because said Kent alone had no right so to appropriate money after it had been paid into the bank for another purpose, and because, if he undertook to do so, it would be no defence to this suit.

The court sustained the objection, and thereupon a verdict was taken for the plaintiff by consent.

*Pierce & Fowler*, for the plaintiffs.

*Perley & Ainsworth*, for the defendants.

Town of Concord *v.* Concord Bank.

Woods, J. It is contended in the present case on the part of the bank, that parol evidence is incompetent to prove either the appointment and authority of the officers of a bank, or its liability for a deposit made therein ; or, in other words, the fact of the making and the receipt of such deposit. It is insisted, that while the bank consents to submit its records as evidence, those records alone can be used as proof of those facts.

A doctrine of the character suggested, no doubt was formerly countenanced to some extent by the course of judicial decisions. It was held that no presumptions could be made either in favor of or against such corporations. This doctrine was carried so far, that where a bond or deed, or other instrument necessary to be delivered in order to give it effect, was found in the possession of the corporation, and purporting to be made for its benefit, no presumptions from such facts could be made that the corporation had accepted the instrument ; that the fact of acceptance could only be proved by a recorded vote of the corporation. The reason assigned for the doctrine was the fact that ordinarily the assent of the bank to such acceptance was by a vote, and the vote recorded ; and it was supposed that corporations could act rightfully and effectively only in that way, and should be bound only by acts and contracts made in an authorized mode. But, however the doctrine may have been, it no longer prevails it is believed in this country or England ; but the same inferences and presumptions may now be made in reference to acts of corporations as to those of individuals ; and acts performed by corporations, which presuppose the existence of other facts to make them legally operative, are presumptive proofs of the existence of the latter facts, and that too where presumptions are to be made of facts and acts of the most solemn nature. In *Union Bank* v. *Ridgely,* 1 Harris & Gill 392, it is said, that if a corporation permits any one to hold himself out to

the public as its agent in any particular business, and by its acquiescence induces a belief in the agency, the corporation would be bound by his acts, whether the agent was lawfully appointed or not. The law will not sanction the fraud of a corporation sooner than that of an individual.

In the case of the *Bank of the United States* v. *Dandridge*, 12 Wheaton 64, it is stated in speaking of a cashier, "If he is held out as an authorized cashier, that character would be equally applicable to all who dealt with the bank in transactions beneficial as well as onerous to the bank; and if a person acts notoriously as cashier of a bank, and is recognized as such by the directors or corporation as an existing officer, a regular appointment will be presumed, and his acts as cashier will bind the corporation, although no written proof is or can be adduced of the appointment.

So also the case of *Dunn* v. *St. Andrew's Church*, 14 Johns. 118, and *Dedham Bank* v. *Chickering*, 3 Pick. 335, fully sustain the doctrine recognized in the other cases cited.

Upon the authority of those cases, as well as upon general reasons, we feel warranted in holding that the exceptions taken to the character of the proof offered of the agency of William A. Kent as cashier of the bank, and of the fact of the deposit of the money for the use of the plaintiffs, can not prevail. And, further, we are of the opinion, that if the only object of the proof of the agency of Kent as cashier was to render the demand made by the plaintiffs available to them as a demand of the money, the proof of that fact was wholly immaterial, inasmuch as a demand made at the bank, their place of business, would have been sufficient, whether any of the agents of the bank were found there or not. The omission to have an agent at the bank in business hours would be so far a failure of duty as to render a demand there

available without the presence of such agent, and without any request made of him. The bank could not avail itself of its own negligence, in not having a proper agent at the bank to answer the demand.

An exception is taken in this case to the ruling of the judge, respecting the evidence offered by the defendants to prove, that after French had paid the money into the bank, and before the plaintiffs had been notified of that fact, George Kent the cashier applied it to other purposes than that for which the payment was made.

But we think the exception can not prevail. It was immaterial to the plaintiffs, and can not affect their right to recover, that the agent of the defendants, after having received the money in the usual course of business at the bank, as their agent, and for the benefit and use of the plaintiffs, misapplied the money. His acts were the acts of the defendants, while acting as their agent and within the scope of his authority, and any misapplication by him was a misapplication by the bank itself, of which they can hardly be heard to complain. Indeed, so far as concerns the transactions and dealings of corporations with others — inasmuch as they act and can act only through the agency of individuals — their agents are in effect the representatives of the corporations.

If it had been proposed to show that Kent received the money not as agent of the bank but on his own account, the money having been raised upon his own note, and that having promised to apply it to the benefits of the plaintiffs, and even to deposit it for their use in the bank and to their credit, he failed to apply it; the evidence might be admissible, since the bank, probably, would not be liable in that case, although Kent was at that time their cashier.

The liability of the bank must depend upon the character in which the money was received by Kent; whether as the agent of the bank or upon his individual responsi-

bility, and not upon the fact of misapplication of it after its reception.

The ruling of the court was correct, inasmuch as it was in effect, that the bank was liable notwithstanding the misapplication of the money by Kent after having received it as the agent of the bank.

Theodore French was called by the plaintiffs as a witness, and testified that he paid to the cashier of the bank $2000, in February 1840, to be applied and indorsed upon the note set forth in the report of the facts of this case.

To contradict that account of the transaction given by French, the defendants offered in evidence a writing signed by French and others of the following tenor :

" CONCORD, Sept. 14, 1840.   So far as we are or may be interested in the account between us composing the Merrimack Lumbering Company, and the Concord Bank, we are willing and desirous that a transfer should be made according to the original understanding, of the sum of $2000 from our account to the town of Concord, in part payment of the note of said town against us, thereby increasing our liability to the bank the amount of that sum."

The writing was ruled out as being incompetent for the purpose for which it was offered.   The question is, whether that ruling is correct.   The decision of that question depends upon the proper solution of another, namely, whether the writing thus signed as a declaration has any legal tendency to contradict and render improbable the account given by French, reported in the case. The question is not, how much weight it might have as a contradiction, or whether the transaction might not be so explained that with a jury it would weigh little or nothing at all against the evidence of French.   Was the declaration such as French would have made only in case

Town of Concord *v.* Concord Bank.

the transactions were such as he represented in his testimony, or was it equally consistent with a different state of facts : viz., the fact that the money was paid in and credited properly, according to the understanding of French, who paid Kent, the agent of the bank, who received it ? Might it not well be argued to a jury, that if the direction given by him in regard to the application of the money had been as he stated it to be, the language of the writing would have been different ? that it would have been more imperative in its terms in regard to the application, and required it to be done precisely in accordance with the direction given at the time of the payment, instead of merely purporting to give the assent of French and the other signers to the transfer of the funds from their account, so far as they were interested, to the payment of the debt due to the plaintiffs ? Might it not well be argued that the language and tone of the writing would have been other than they are found to be ? Was not that question proper for the consideration of the jury rather than the court ? There was no doubt that the money was paid to Kent, and the only question was, as to the purpose and design of the payment, the understanding of the parties in relation thereto. Now we think that the language of French relative to the matter might strike different minds differently, and with some weight for, and with others against his evidence. Since it was a transaction capable of more than one construction, it should have been left to the jury to have weighed it and given it such consideration as they might have seen fit.

The question whether the writing was consistent with the story of French on the stand or not, was a proper matter for the jury. If an inference might be drawn from the writing and its phraseology against the truth of the story of French, then the writing was competent for contradiction, however little weight it might be found to have upon the whole case in the minds of the jury.

The ruling of the judge we think was erroneous in this particular of ruling out said writing, and, for that cause, the verdict must be set aside and a

*New trial granted.*