BUCKLEY, Defendant in Error, v. BRIGGS, Plaintiff in Error.

1. The fact that a corporation has a seal does not prevent its agents from binding it by contracts not under seal.
2. It does not follow, because a corporation is by its charter prohibited from dealing in commercial paper, that it may not lawfully receive and sell notes given for the sale of its lands.

*Error to Holt Circuit Court.*

This was an action to recover a balance due on two negotiable promissory notes executed by the defendant in favor of " Henry W. Peter, treasurer of the White Cloud City Company, for the use and benefit of said company." These notes, it is alleged in the petition, were assigned to the plaintiff by O. Bailey as president of said White Cloud City Company, and H. W. Peter as treasurer thereof. The defendant in his answer admitted the execution of the notes sued on, but denies that they were assigned to plaintiff, and set up that the payee of said notes is a foreign corporation, whose chief office is without this state ; that by its charter said company is specifically restricted from dealing in commercial paper ; that said corporation has and uses a common seal ; that thereby said payee has failed to assign said notes ; that the said Peter and Bailey as treasurer and president of said corporation had no authority or power to sell or transfer said notes. The defendant further sets up that said notes were executed in consideration of certain lots in Kansas territory ; that said lots were purchased at a public sale made by said corporation ; that the defendant is informed and believes and charges the fact to be that at said public sale the corporators of said body politic, for the purposes of inflating the prices of the lots sold, agreed among themselves that they should bid for what lots they might choose, and if dissatisfied after the sale they might surrender their said purchases, but said privileges were not extended to the bidders generally ; that thereby defendant, on account of said fraud, was induced to promise greatly more for said lots than they were worth ;

that defendant knew nothing of the said combination until after the commencement of this suit. Defendant sets up that he has made valuable improvements; offers to rescind said contract on being paid for improvements; prays that said White Cloud City Company be made a party plaintiff; that he may be allowed the value of his improvements as a set-off; that the sale be rescinded.

This answer was stricken out on motion of plaintiff.

*Ryland & Son*, for plaintiff in error.

I. The court improperly struck out defendant's answer. It set up fraud and fraudulent combination in puffing and in running up the lots by false bidders, and that defendant was defrauded in being induced to bid as much as he did and in giving his notes for the purchase money.

*Vories & Vories*, for defendant in error.

I. The court properly struck out the answer. It sets up no defence to the action. There is no denial of the assignment, but merely a denial that the notes were assigned by the seal of the corporation, or that they had power to make a legal assignment. The note was executed to Peters. The allegations with respect to fraud constitute no defence.

NAPTON, Judge, delivered the opinion of the court.

We have been somewhat at a loss to know what construction ought to be put upon the answer, which in this case was stricken out upon the plaintiff's motion.

If the answer could be understood as a simple denial of the assignment of the notes sued on, either because such assignment was never in fact made, or if made in fact was void in law, the defence ought not to have been disregarded. But the pleading is very obscure. It denies the assignment, but proceeds to show the reasons on which the denial is founded; and if the order of the answer is inverted and the reasons are put in front, it then stands as a series of allegations, from which a conclusion of the invalidity of the assign-

ment is drawn, and these allegations will not support the conclusion.

It is alleged that the payee of the note is a foreign corporation; that said corporation has by its charter no power to deal in commercial paper; that the corporation has and used a seal, and that the assignments were not under seal; and that "said Peter and Bailey, as treasurer and president of said corporation, had no power to sell or transfer said notes."

The fact that a corporation has a seal, does not prevent its agents from making valid contracts, without the formality of a seal.

If it be true, as alleged, that the charter prohibits the corporation from dealing in commercial paper, that would hardly be construed to extend to receiving and selling notes given for the sale of its lands; which we infer was the principal object of its creation.

The first allegation that the payee of the note was a foreign corporation, and the last, that H. W. Peter (who was the payee) as treasurer, and Bailey as president, had no power to transfer the title to the note, are contradictory to each other; but overlooking this, and treating this branch of the defence as intended to assert that, by reason of a provision in the charter which prohibited the company from dealing in commercial paper, [the president] and the treasurer had no right to assign the notes, it is the assertion of a legal conclusion which does not necessarily follow the premises. The language of the charter is not given, nor is the charter made any part of the answer.

The second defence set up in the answer is, that the corporators, previous to the public auction of the lots for the purchase money of which the notes sued on were given, had an understanding or agreement among themselves that they would be allowed to bid off any of the lots and afterwards take them or not at their option; that this arrangement had the effect of inflating the prices of the lots, and that the defendant, in consequence, gave a great deal more for them than they were worth. We do not see how this consequence

follows. There is no averment that any of the corporators did bid at the sales; and it is difficult to see how an agreement never carried out could have had any influence on the bidders.

The last defence urged in the answer is a proposition to rescind the contract upon condition that the defendant is paid for his improvements.

Where a party intends to defend a suit upon its merits, the addition of defences manifestly untenable has the effect of creating doubts as to his real object, and he ought not to complain that his defence is subjected to a more rigid scrutiny, than if stated plainly and simply and singly.

Judge Ewing concurring, the judgment of the circuit court is affirmed. Judge Scott absent.