## MERRICK v. THE BURLINGTON & WARREN PLANK ROAD - COMPANY.

1. FOREIGN CORPORATION. Parol evidence may be received for the purpose of showing that a foreign corporation had an office for the transaction of business in this State, though by its articles of incorporation and the laws of the State in which it was incorporated, it was required to keep its office within that State.

2. SAME; PRESENTATION OF NOTE FOR PAYMENT. Where by the articles of incorporation and the laws of the State in which a foreign corporation was incorporated it was required to keep its office within such State, but it actually kept an office in this State, a presentation of a note for payment where the office was actually kept was sufficient.

3. VERBAL CONTRACTS BY A CORPORATION. A corporation may be bound by a verbal contract made by an officer or duly authorized agent.

4. RATIFICATION; EVIDENCE. The ratification of a contract by a corporation may be shown by evidence of the admissions of an officer made in the discharge of his duties as such.

5. PRESENTATION TO CORPORATION. While the treasurer of a corporation may by law and the articles of incorporation be required to pay only those orders or warrants which are signed by the President and countersigned by the Secretary; yet a demand against the corporation created in another method may be presented to the Treasurer for payment for the purpose of binding the indorser.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 6.

SUIT on a promissory note which plaintiff claims was made by the Plank Road Company to one Kendall and by him indorsed so that it is now plaintiff's property. The questions arise upon objections made by defendants to certain testimony, as also to the instructions of the Court, for which see the opinion.

· *T. D. Crocker* for the appellants.

*Crocker & Smith* for the appellees.

WRIGHT. J.—One question made, it seems, on the trial below, was whether the note was presented for payment at the proper office of the Company, so as to bind the indors-

ers. The Company was organized under the laws of the State of Illinois, and the note sued on is as follows:

"One year after date, the Burlington & Warren Plank Road Company, by H. E. Bartlett, Secretary, promise to pay R. C. Randall or order, four hundred and fifty dollars, for value received, with ten per cent interest from date.

H. E. BARTLETT, *Secretary.*

The defendants on trial introduced the Secretary of the Company to prove the records, who also testified that the office of said Company at the time said note was made and matured, was in Henderson county, Illinois, and that said Company at said times had no office in this State. Plaintiff then proposed to prove by said witness, that at the times named the Treasurer of said Company kept his office and books in Burlington, Iowa, and did business for said Company in said place. This was objected to, upon the ground that the articles of incorporation, resolutions and laws of Illinois were the best evidence. This objection was overruled and the evidence admitted.

There is sufficient warrant for this ruling in the one thought that the testimony offered, tended at least to contradict what the Secretary had previously stated. As we gather from the record, the note was presented by the holder for payment at what he claims was the proper office of the Company in Burlington, while the defendants insist that the Company had no office there, but that their only place of transacting business was in Illinois. Now it seems to us most manifest, that plaintiff would have the right to prove by the Secretary, notwithstanding his previous statements, or we might say because of such statements, that there was an office kept by the Treasurer in this State. Not only so, but we see no objection to the testimony even when considered in the light of its not being the best evidence. If it be granted that the articles of incorporation and laws of Illinois, required the office of the Company to be kept in that State, yet if the Company violated this requirement

and kept its office in this State; it would be folly to say that a presentment for payment where the office actually was, would not be good.

The suggestion that the note was the obligation of the Secretary and not of the Company, and that therefore the presentment should be to him, we give no weight, for the reason that if his personal undertaking, then this action is at an end; and whether it was so or not we understand to have been one of the questions of fact under the proof made, submitted to the consideration of the jury. It was perhaps conceded that this was not the method in which the Company, by their articles of incorporation, made and evidenced their contracts. And a prominent leading question in the case was whether there had been such a ratification or recognition of this indebtedness by the Company, as rendered them liable. If there was then the presentation at the Treasurer's office would be sufficient. If not, then the question of presentation for the purpose of the present inquiry is quite unimportant.

II. The objection to the testimony of the witnesses, that the Company by the statement of the President had ratified this transaction, upon the ground that it was hearsay and that the acts of said Company must be shown by the record, is to some extent answered by what has already been said. The doctrine is now well settled, that corporations of all kinds may be bound by contracts not under their seals. They may make a binding contract in writing without using the seal, and so they may be held liable on verbal contracts. (Ang. on Corp. 237, *Ring* v. *Johnson County*, 6 Iowa 265.) And as they may make, so they may ratify and adopt as their own, without the use of the seal, that which has been done by another, or an officer, out of the usual line of his duties. To prove such adoption or ratification, it would not be sufficient to prove from the statement of the President that *he* had ratified it. But it is quite a different thing to prove that the *Company* had ratified it,

by showing what he had said in the discharge of his duties as such officer.

III. The objections to the instructions involve substantially the same questions as those already noticed. One remark only need be made. While the Treasurer of the Company may by the law and the articles of incorporation, be required to pay only those orders or warrants which are signed by the President and countersigned by the Secretary, yet if the Company shall contract an indebtedness in any other method, the holder thereof in order to bind the indorsers, can ordinarily look alone to the Treasurer's office as the proper place for demand and payment. If the Company is not liable, then of course such demand will not create a liability. If they are liable, then it is the duty of the holder of of the funds to know it.

Judgment affirmed.