NioholsoN, C. J.,
delivered the opinion of the court.
This is an action of trespass commenced in the Circuit Court of Jefferson county by John Brooks against ¥m. Elmore and others. He claims in his declaration $15,000 as damages for false imprisonment, and for taking and converting a large quantity of brandy and other articles of personal property. . The suit was dismissed as to all the defendants except ¥m. Elmore. He put in two pleas — not guilty, and the statute of limitations of one year. Upon the trial the jury returned a verdict for $358.15, stating in their verdict that this was the value of the goods shipped to New Market by railroad, together with interest.
The proof shows that Elmore was the railroad agent at the New Market depot; that the goods shipped to that depot for plaintiff consisted of tobacco, white lead, clover seed, cooking stove, etc., and that *47 Elmore, as such agent, refused to deliver tbe goods to tlie order of plaintiff, whereby they were lost to the plaintiff. The verdict of the jury as to these goods was against the defendant, but as to the charges respecting the brandy and the false imprisonment the verdict was in favor of the defendant.
As the defendant alone has appealed, it is only necessary to notice those matters of error arising out of his refusal, as railroad agent, to deliver to plaintiff’s order the goods for the conversion of which the jury found their verdict.
The facts as they appear in the bill of exceptions are, that Elmore was agent for the railroad company at New Market; that he was instructed by the Superintendent of the road to deliver no goods shipped to his depot for persons who had abandoned the country and gone into the Federal lines. Brooks had abandoned the country when the goods in question were received at the depot. His agent applied to Elmore for them, and presented an order for them from Brooks. In obedience to the order of the Superintendent of the road, Elmore refused to deliver the goods to Brooks’ agent.
The Circuit Judge charged the jury that if they found from the proof that the property sued for was detained by the defendant Elmore, and for the reason that the Superintendent had instructed him not to deliver the property shipped to persons who had absconded, then they should find for the plaintiff the value of the goods as- shown by the proof, and in their discretion they might give interest.
*48 The Judge was requested by defendant’s counsel to charge the jury “that the master is always liable to third persons for the misfeasance and negligence and omissions of duty of his servants in all cases within the scope of his employment. The agent is not, in general, liable to third persons for his own misfeas-ances or omissions of duty in the course of his employment; his liability, in these latter cases, is solely to his principal, there being no privity between him and such third persons, but the privity exists only between him and his principal.”
The Judge omitted to make any other or further charge, upon the ground that he had already charged the law.
It is conceded by the counsel for Brooks that, ordinarily, the master is liable to third persons for the negligence or omissions of duty of the agent, and that the agent, in general, is not liable to third persons for his nonfeasances or omissions of duty in the course of his employment. But it is insisted that this rule does not govern the present case, for the reason that here the agent was not guilty simply of nonfeasance or omission of duty in refusing to deliver the goods to plaintiff’s agent, but that the refusal was willful and unlawful, in obedience to instructions from his principal, which were unlawful, and therefore that his detention of the goods amounted to an absolute conversion of them, for which he was personally liable. It is clear that the Superintendent of the road had no legal right to make an order forbidding the agent to deliver goods received for persons who had ab *49 sconded. It is equally clear that the railroad eom-^ pany was liable to be sued for the damages resulting \ from sucb an order. But as the agent elected to obey an order which was illegal, he can not escape from the consequences by shifting the liability upon his principal. The detention of the goods under the circumstances was a conversion by the agent, for which he was liable.
It is laid down by Blackstone, 1 vol., 430, that “if the servant commit a trespass by the command or encouragement of his master, the master shall be guilty of it, though the servant is not thereby excused, for he is to obey his master in matters that are honest and lawful.” See, also, Brown v. Howard, 14 John., 118; Scruggs v. Davis, 5 Sneed, 265; Luttrell v. Hazen, 3 Sneed, 20; Childress v. Ford, 1 Heis., 466.
We conclude that there was no error in the charge of the Circuit Judge, and affirm the judgment.