THE SAN ANTONIO GAS CO. V. HARBER & CO.

(No. 1982, Op. Book No. 2, p. 387.)

APPEAL from Bexar County. Opinion by QUINAN, J.

1 w 633
§ 1123
2 w 102
2 w 213
2 w 564
3 w 29

**§ 1123.** *Corporation; contract by; acts, etc., of agent of.*
It was an ancient and technical rule that a corporation could act and speak only by its common seal, but that rule is long ago repudiated, and it is now well settled that acts of a corporation evidenced by vote, written or unwritten, are as complete authority to its agents as if done under the corporate seal, and that it may be as well bound by express promises made through its agents as by deed, and that promises may as well be implied from its acts and the acts of its agents as in case of individuals. [14 Maine, 444; 11 Iowa, 74; 11 Wis. 334; 2 Kent, 288; Story on Agen. 61.] And an agent of a corporation acting within the scope of his authority may bind his principal in the same way as if he were the agent of a natural person. The general rule is that the declarations and admissions of an agent of a corporation stand upon the same footing as those of an individual. [Henderson v. R. R. Co. 17 Tex. 560.]

**§ 1124.** *Agency; allegation and proof of.* The allegation that the contract was made by the company was sufficient to let in proof that it was made by its agent, for what one does by another he does by himself. Nor need the authority of the agent be shown by any express vote or resolution of the company. It could be established by proof of the same character as would be sufficient in the case of an individual. The nature and extent of it may be implied from circumstances. [Story on Agen. 110.]

**§ 1125.** *Damages; measure of, on breach of contract; rules as to.* This suit was brought by appellees against appellant to recover damages for the breach of an alleged contract to furnish appellees' saloon with gas for lights. They alleged that by the failure of appellant to furnish

the gas according to contract, they were compelled to buy lamps and use kerosene oil to light their saloon, and that this substituted light was so inferior as to cause them to lose customers, and laid their damages at $900. The alleged contract to furnish the gas was for a specified period of time, at a specified price. The company was willing to furnish gas to the appellee, but demanded a greater price therefor than he alleged they had by the contract agreed to furnish it. On the trial, the appellee was permitted to prove damages sustained by him after the period when the alleged contract expired, and up to the time of the trial. *Held*, it was error to permit proof of damages sustained after the expiration of the alleged contract. Appellees could recover only for the damages incurred for the period during which the company bound itself to furnish it to them, and this error was not corrected by the judge's charge, which instructed the jury that they "must be guided by the terms of the contract in assessing the damages." This was not calculated to withdraw from their consideration the improper evidence which had been admitted. It had more direct reference to the price at which gas was to be furnished than to the period of time when it was to be furnished. The charge of the judge upon the subject of the measure of damages was: "The measure of damages in this kind of a case is that actually and ordinarily resulting from the breach of contract. A party asking damages for breach of contract can recover only what would compensate him, and place him in the same situation as he would have been had no breach occurred, and it is his duty to take all reasonable measures to place himself in such condition, as soon as the breach is brought to his knowledge, and upon the best terms possible." The proposition contained in this instruction is, we think, correct. But the defendant asked the court further to instruct the jury, that the measure of the plaintiff's damages would be the difference between the contract price of gas and the price for which the company was willing to furnish gas, and this instruc-

tion ought, under the testimony in the case, to have been given in connection with the above quoted charge.

In this case the defendant was willing to furnish the plaintiff with gas. The only trouble was about the price. It is well settled that the delinquent party in a contract is holden to make good the loss occasioned by his delinquency. But his liability is limited to the direct damages, which, according to the nature of the subject, may be contemplated or presumed to result from his failure. Remote or speculative damages, although susceptible of proof, and deducible from the non-performance, are not allowed, and if the party injured has it in his power to take measures by which his loss may be less aggravated, this will be expected of him. [1 Sedgwick on Dam. 166.] This rule is sound and equitable, and, applied to the facts in this case, would do full justice between the parties. There is no material difference between the contract in this case and the ordinary one of a contract to deliver goods or specific articles, and the general rule in such cases is that the vendee can recover only the difference in price between the contract price and the market price at the time agreed on for delivery. [1 Sedgwick on Dam. 166; Calvit v. McFaddin, 13 Tex. 324; Randon v. Barton, 4 Tex. 289.] The damages proven in this case were too remote and speculative to furnish any proper guide for the assessment of the plaintiff's loss. That he lost custom because his saloon was so ill lighted that people could not play cards or enjoy themselves of nights; that kerosene lamps gave inefficient light and frequently blew out, were hardly consequences intimately connected with the defendant's failure to comply with his contract. It was altogether problematical whether the decadence of plaintiff's business was the result of a finer furnished establishment, with better liquors and billiards, opened hard by, or to the dimness and insufficiency of the light; or to the improved morals of the people, "eschewing evil and learning to do well."

June 8, 1881.                    Reversed and remanded.