## CHARLES J. PENDLETON, RESPONDENT, *v.* THE WATER-LOO BAPTIST CHURCH, APPELLANT.

*Salary of a pastor of a Baptist church — can only be fixed under chapter 60 of 1813 — right to recover on a* quantum meruit — *effect of the church's receiving subscriptions made for the purpose of paying the salary.*

In an action brought to recover for services as pastor of a Baptist church, the referee, before whom the action was tried, found that an agreement had been made between the parties for the employment of the plaintiff for one year at the salary named, and that the services were rendered, according to such employment, during eight months, after which they were discontinued by mutual consent, but further found that the amount of the salary so to be paid was not fixed or ascertained in accordance with the requirements of the statute under which the defendant was organized (Laws of 1813, chap. 60, § 8).

It appeared, however, that the defendant had actually received from subscriptions, made for the express purpose of paying to the plaintiff the sum of $400 towards his salary, an amount more than sufficient to pay him a proportionate share of the sum mentioned for the eight months during which the services had been rendered by him.

*Held,* that while the statutory provision above referred to, relating to the fixing of the amount of salary to be paid by the church to its pastor, is exclusive of every other mode of accomplishing that purpose, yet as it did not prescribe any form or mode of contract between the church and its pastor, except in the particulars mentioned; that such church, like other corporations, was capable of binding itself by contract, expressed or implied, to pay for services rendered, and the statute cited imposed no limitation upon such power, except that it prescribed an exclusive mode of determining an amount of compensation to be paid for the particular class of services mentioned in it.

That, in this case, the effect of the statute was to leave the amount to be paid for the services of the pastor undetermined, but it did not impair the validity of the contract under which, on proof of the value of the services, a recovery therefor might be had on a *quantum meruit.*

That, in this case, a subscription having been raised by the defendant for the express purpose of paying the plaintiff $400 as a portion of his salary for the year, and $295 having been actually received from such subscription, the defendant was not in a position to deny that this money was received by it for, and was applicable to, the purposes for which it was subscribed and paid.

APPEAL by the defendant from a judgment, entered in Seneca county on April 11, 1887, upon the report of a referee.

The action was brought to recover the value of services rendered by the plaintiff to the defendant, as its pastor, from August 1, 1885, to April 1, 1886.

*F. L. Manning,* for the appellant.

*Hammond & McDonald,* for the respondent.

DWIGHT, J. :

The action was for a balance of salary alleged to be due to the plaintiff for services as pastor of the defendant. The referee finds an agreement between the parties for the employment of the plaintiff for one year, at a salary named, and the services rendered, according to such employment, during eight months, when they were discontinued by mutual consent. He finds that the amount of the salary to be paid was not fixed or ascertained in accordance with the requirements of the statute under which the defendant was organized (Laws of 1813, chap. 60, § 8; 2 R. L., p. 217); but he finds that the defendant has actually received from subscriptions, made for the express purpose of paying to the plaintiff the sum of $400 towards his salary, an amount more than sufficient to pay him a proportionate share of the sum mentioned for the eight months during which the services were rendered.

It appears from the evidence that this subscription was raised, and the fact communicated to the plaintiff, before he entered upon the office of pastor, and that the money was collected during his incumbency of the office. It is for the unpaid balance of such proportionate share of the $400 that the referee awards recovery to the plaintiff. We think the recovery should be sustained.

The statutory provision, above referred to, relates only to the fixing of the amount of salary to be paid by a church to its pastor, and has been held to be, in that respect, exclusive of every other mode of accomplishing that purpose. (*Landers* v. *The Frank St. Methodist Episcopal Church,* 97 N. Y., 119.) It prescribes no form or mode of contract between a church and its pastor, except in the particulars mentioned. Religious societies, like other corporations, are capable of binding themselves by contract, express or implied, to pay for services rendered. (*Dunn* v. *St. Andrew's Church,* 14 John., 118), and the statute cited imposes no limitation upon such power, except that it prescribes an exclusive mode of determining the amount of compensation to be paid for a particular class of services contracted for.

The case of *Landers* (*supra*) goes no further than this upon the

question of the powers of religious societies, in general, to contract. That case turned upon peculiarities in the constitution and discipline of the Methodist Episcopal Church, which preclude the contraction of any liability, in the nature of a debt, on the part of a church to its minister. It is not suggested that any such peculiarities of constitution or discipline exist in the case of the Baptist churches; and the finding of the referee is fully sustained by the evidence and the law applicable to the case, to the effect that there was a valid contract between the parties for the employment of the services of the plaintiff, and an express promise to pay him therefor. The effect of the statute upon that contract was to leave the amount to be paid undetermined. It was still a contract upon which, with appropriate allegations and proof of the value of the services, a recovery might probably have been had on a *quantum meruit.* But we think the facts here established amply supply the element lacking in the contract, and warrant the conclusion of the referee in respect to the amount which the plaintiff is entitled to recover.

As we have seen, a subscription was raised by the defendant for the express purpose of paying the plaintiff $400, as a portion of the salary for the year. Upon this subscription the sum of $295.90 was actually received by the defendant. It is not permitted to the defendant to deny that this money was received by it for, and is applicable to, the purpose for which it was subscribed and paid. At the rate contemplated by the subscription the plaintiff was entitled to receive for the eight months' services the sum of $266.77. Of this he has been paid the sum of $161.80, leaving due him the sum of $104.87, which is the amount for which recovery was awarded by the referee and for which the judgment was rendered.

There is nothing in the form of the complaint to prevent such a recovery. The allegation is not of a contract fixing the amount of salary to be paid, but only that the defendant is indebted for services "rendered at its special instance and request, and on its express promise to pay therefor;" and such is the nature of the recovery upon an express contract to pay for services rendered, limited in amount by the amount of money actually received by the defendant applicable to such payment.

The judgment should be affirmed.

All concurred.

Judgment affirmed.